Appellant challenges the admissibility of two oral statements made by him to police officers, which statements were admitted into evidence at the conclusion of hearings conducted by the trial court out of the presence of the jury.

**Eugene ALLEN, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 39514.**

Court of Criminal Appeals of Texas.

June 8, 1966.

Rehearing Denied Oct. 12, 1966.

No attorney of record on appeal.

Henry Wade, Dist. Atty., Charles Caperton, John Stauffer and W. John Allison, Jr., Asst. Dist. Attys., Dallas, and Leon

B. Douglas, State's Atty., Austin, for the State.

## OPINION

BELCHER, Commissioner.

The conviction is for burglary; the punishment, seven years.

Vincent Marable, Jr., manager of Allied Sand Blasting Company, testified that he closed and locked the company building about 6 p. m. Monday, January 4, 1965, and when he returned at 7:15 a. m. Tuesday, January 5, 1965, the front window was broken and the front door was open; that filing cabinet drawers were open and two books containing six hundred payroll checks with the name of the company printed on them and a check protector were gone, and that he did not give anyone his consent to break and enter the building and take anything therefrom; that there was a man's shoe print on the desk inside the broken window; that he later saw only two of the six hundred missing checks. While testifying, Marable identified two checks marked as State's Exhibits Nos. 1 and 2 as two of the checks missing from said building. He testified that they were dated January 5, 1965, and signed J. C. Moore for the company, with one payable to Joseph L. Williams and the other to Milton Harris; and that no person was authorized to sign the name J. C. Moore to the company checks and he did not know Williams and Harris, and they had not worked for the company; and that several of the company checks had been passed but he never heard of any more being passed after the appellant was arrested.

Officer Davenport testified that about 3 p. m. January 6, 1965, he observed appellant driving an automobile at a high rate of speed; that he used the red light and siren and motioned for appellant, who was alone in the car, to drive to the curb and stop, but he accelerated his speed and continued a considerable distance before stopping; that during the pursuit he saw appellant making movements with his hands from his pockets to the front seat of the car; that on questioning appellant after he had stopped he determined that he had no driver's license, but he exhibited a renewal stub which he soon admitted did not belong to him; that he observed a bulge underneath the seat cover in the middle of the front seat; that on searching underneath the seat cover by reaching through a torn place, he found in the middle of the seat, a billfold which contained two checks. While testifying, Officer Davenport identified two checks as those he removed from the billfold he found in the front seat of the car, and they were marked State's Exhibits Nos. 1 and 2.

Detective Burrus testified that on the morning of January 5, 1965, he made an investigation of an alleged burglary of the building of Allied Sand Blasting Company; that during the investigation he found a shoe print on a desk inside the broken window of said building; that after appellant's arrest his shoes were removed at city hall, and he compared the heel print of appellant's shoe with the heel print of the shoe found on the desk inside the building, and expressed the opinion that the prints were made by the same shoe; and that from his investigation he determined that the appellant was in the city where the alleged burglary occurred on January 4 and 5, 1965.

The appellant did not testify but called three witnesses. Officer Davenport, recalled by the appellant, testified that after placing the appellant in the squad car he searched and found the billfold underneath the seat cover of the front seat of appellant's car; that appellant told him he did not know the checks were in the car and knew nothing about them. The testimony of Officer Sebastian and Jailer Cole reveals that Sebastian got the renewal stub for an operator's license at the scene of arrest, and he gave it to Cole at the jail. It was stipulated that the car appellant was driving belonged to W. E. Woodruff of Kleberg, Texas.

The court charged the jury upon the law applicable to circumstantial evidence.

Notice of appeal was given on August 6, 1965.

There are no formal bills of exception. No objections were made to the court's charge, and no requested charges were presented.

The evidence is sufficient to support the conviction.

The judgment is affirmed.

Opinion approved by the court.